# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES STOUT, )<br>   Serve: Matthew S. Wideman )<br>   4700 Belleview Ave., Suite 300 )<br>   Kansas City, MO 64112 )<br>)<br>K.B.A.S., )<br>   Serve: Matthew S. Wideman )<br>   4700 Belleview Ave., Suite 300 )<br>   Kansas City, MO 64112 )<br>)<br>K.B.S., )<br>   Serve: Matthew S. Wideman )<br>   4700 Belleview Ave., Suite 300 )<br>   Kansas City, MO 64112 )<br>)<br>and )<br>)<br>DAVID PAUL ZUFALL, JR., )<br>   Serve: 1299 W. Lark, )<br>   Fenton, MO, 63026 )<br>)<br>Defendants. ) | Cause No.:   4:24-cv-00037<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment, states as follows:

1. State Farm brings this action seeking the interpretation of a homeowners insurance policy and a declaration of its rights and obligations thereunder, concerning claims asserted against

1

its insured David Paul Zufall, Jr., arising out of an altercation between Defendant Zufall and Defendant James Stout that occurred on or about March 5, 2020.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff State Farm is and was at all times mentioned herein a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois, and therefore a citizen of the State of Illinois, engaged in the business of insurance and licensed to transact that business in the State of Missouri.

3. Upon information and belief, Defendant David Paul Zufall, Jr. (hereinafter "Defendant Zufall") is an individual domiciled in the State of Missouri and, therefore, a citizen of Missouri.

4. Upon information and belief, Defendant James Stout is an individual domiciled in the State of Missouri and, therefore, a citizen of Missouri.

5. Upon information and belief, Defendant K.B.A.S. (hereinafter "Defendant K.B.A.S.") is a minor child residing in the State of Missouri and, therefore, a citizen of Missouri.

6. Upon information and belief, Defendant K.B.S. (hereinafter "Defendant K.B.S.") is a minor child residing in the State of Missouri and, therefore, a citizen of Missouri.

7. This case and controversy involve citizens of different states.

8. The insurance policy at issue in this matter has a liability limit of $300,000.

9. Based on the allegations in the Underlying Claim (but without making any admission as to the merits thereof), the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. The United States District Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of Seventy-Five Thousand

Dollars ($75,000.00) exclusive of interest and costs and because complete diversity of citizenship exists between Plaintiff and Defendants.

11. Venue is proper in the United States District Court for the District of Missouri under 28 U.S.C. § 1391(a) because a substantial amount of the events and occurrences giving rise to this action occurred in this District in that all Defendants are citizens of Missouri; the Policy upon which this action is premised was entered into in Missouri; the dispute involves injury that was inflicted in Jefferson County, Missouri; and Missouri law applies to the interpretation of the Policy and the parties' rights and duties thereunder.

12. This Court "may declare the rights and other legal relations of any interested parties seeking such declaration" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) with respect to the policy of insurance issued by State Farm, and all above referenced parties are interested parties with respect to the determination of rights pursuant to the insurance policy issued by State Farm.

**GENERAL ALLEGATIONS**

13. State Farm brings this action seeking the interpretation of the insurance policies described below and a declaration of its rights and obligations thereunder.

14. An actual justiciable controversy exists between State Farm and Defendants, and litigation as to this controversy is imminent and inevitable. The resolution of the matters raised in this declaratory judgment action will dispose of the issues and disputes between the parties.

15. All necessary and proper parties are before the Court for the matters in controversy.

16. State Farm has no other adequate remedy at law.

## FACTUAL ALLEGATIONS OF UNDERLYING CLAIM

17. On April 21, 2023, Defendants James Stout, K.B.A.S., and K.B.S. filed an Amended Petition in the Circuit Court of Jefferson County, Missouri ("Underlying Petition"). A copy of the Underlying Petition is attached hereto as Exhibit A.

18. The Underlying Petition names Defendants David Paul Zufall, Jr., David Paul Zufall, Sr., and Tammy Zufall as defendants.

19. The Underlying Petition alleges that on or about March 5, 2020, Defendant David Paul Zufall, Jr. was driving recklessly on Highway 30 and cut off Defendant James Stout.

20. Defendant James Stout then followed and confronted Defendant David Paul Zufall, Jr. at a nearby Walgreen's parking lot.

21. The Underlying Petition alleges that David Paul Zufall, Jr. then drew his handgun, pointed it at Defendant James Stout, and fired five shots from his vehicle into Defendant James Stout as Stout was backing away from him.

22. Defendant James Stout then staggered into the lobby of the Walgreens store where his son Defendant K.B.S. followed him and gave him aid.

23. The Underlying Petition also alleges that Defendant David Paul Zufall, Jr. then turned around and proceeded to point his handgun at Defendant K.B.A.S..

24. The Underlying Petition alleges that Defendant Jame Stout has suffered serious and permanent injuries from the shooting, and that Defendants K.B.A.S. and K.B.S. suffered serious and permanent injuries as a result of witnessing the shooting and threats.

25. Defendant David Zufall, Jr. was arrested and charged with criminal assault in the Circuit Court of Jefferson County, Missouri. On June 14, 2023, a jury found him guilty of Assault in the Second Degree and the court sentenced him to five years incarceration on August 21, 2023.

26. The first cause of action alleged in the Underlying Petition against Defendant David Paul Zufall, Jr. is for Negligence ("Count III"), in which Defendants James Stout, K.B.A.S., and K.B.S. allege the following:

   a. "Defendant PAUL ZUFALL, JR. had a duty to refrain from assaulting and battering Plaintiff JAMES STOUT."

   b. "Defendant PAUL ZUFALL, JR. had a duty to refrain from assaulting and battering Plaintiff K.B.A.S.."

   c. "Defendant PAUL ZUFALL, JR. had a duty to refrain from assaulting and battering Plaintiff K.B.S.."

   d. "Defendant PAUL ZUFALL, JR. breached his duty to refrain from assaulting and/or battering Plaintiff JAMES STOUT by shooting him with his firearm."

   e. "Defendant PAUL ZUFALL, JR. breached his duty to refrain from assaulting Plaintiff K.B.A.S.."

   f. "Defendant PAUL ZUFALL, JR. breached his duty to refrain from assaulting Plaintiff K.B.S.."

   g. "As a result of the shooting, Plaintiff JAMES STOUT suffered serious and permanent injuries."

   h. "As a result of pointing the gun, Plaintiff K.B.A.S. suffered serious and permanent injuries."

   i. "As a result of pointing the gun, Plaintiff K.B.S. suffered serious and permanent injuries."

  j. "Plaintiff JAMES STOUT has received and will continue to receive medical treatment for the injuries caused by the shooting."

  k. "Plaintiff K.B.S. has received and will continue to receive medical treatment for his mental injuries."

  l. "Plaintiff K.B.A.S. has received and will continue to receive medical treatment for her mental injuries."

  m. "As a direct and proximate result of the negligent acts and/or omissions of Defendants as described in this petition, Plaintiffs suffered damages, and will continue to suffer damages into the future, including but not limited to: medical expenses; lost wages, income, and earning capacity; pain and suffering; mental anguish; as well as all other damages allowed under R.S.Mo. § 537.090 and/or Missouri law."

 27. The second cause of action alleged in the Underlying Petition against Defendant David Paul Zufall, Jr. is for Intentional Infliction of Emotional Distress ("Count IV"), in which Defendant James Stout alleges the following:

  a. "Defendant PAUL ZUFALL, JR. acted intentionally and recklessly shot Plaintiff JAMES STOUT."

  b. "Defendant PAUL ZUFALL, JR. had no reason to shoot an unarmed Plaintiff JAMES STOUT."

  c. "As a result of the shooting, Plaintiff JAMES STOUT suffered serious and permanent emotional injuries."

  d. "Plaintiff JAMES STOUT has received and will continue to receive mental health treatment for mental injuries the shooting caused."

28. The third cause of action alleged in the Underlying Petition against Defendant David Paul Zufall, Jr. is for Assault ("Count V"), in which Defendant K.B.A.S. alleges the following:

   a. "Defendant PAUL ZUFALL, JR. pointed his firearm at Plaintiff K.B.A.S.."

   b. "Defendant PAUL ZUFALL, JR. intended to cause bodily harm or offensive contact, and/or the apprehension of either to Plaintiff K.B.A.S.."

   c. "Defendant PAUL ZUFALL, JR. indicated his intent by pointing his firearm at Plaintiff K.B.A.S.."

   d. "Defendant PAUL ZUFALL, JR.'s conduct put Plaintiff K.B.A.S. in apprehension of bodily harm or offensive contact."

   e. "As a result of the shooting, Plaintiff K.B.A.S. suffered serious and permanent emotional injuries."

   f. "Plaintiff K.B.A.S. has received and will continue to receive mental health treatment for mental injuries the shooting caused."

29. The fourth cause of action alleged in the Underlying Petition against Defendant David Paul Zufall, Jr. is for Assault ("Count VI"), in which Defendant K.B.S. alleges the following:

   a. "Defendant PAUL ZUFALL, JR. pointed his firearm at Plaintiff K.B.S.."

   b. "Defendant PAUL ZUFALL, JR. intended to cause bodily harm or offensive contact and/or the apprehension of either against Plaintiff K.B.S.."

   c. "Defendant PAUL ZUFALL, JR. indicated his intent by pointing his firearm at Plaintiff K.B.S.."

7

    d. "Defendant PAUL. ZUFALL, JR.'s conduct put Plaintiff K.B.S. in apprehension of bodily harm or offensive contact."

    e. "As a result of the shooting, Plaintiff K.B.S. suffered serious and permanent emotional injuries."

    f. "Plaintiff K.B.S. has received and will continue to receive mental health treatment for mental injuries the shooting caused."

## THE INSURANCE POLICIES

30. State Farm issued a Homeowners Policy of insurance, Policy Number 25-C4-G758-5 (the "Homeowners Policy") to David P. Zufall, Sr. and Tammy Zufall, the parents of Defendant Zufall, for the policy period of May 9, 2019, to May 9, 2020. A copy of the Homeowners Policy is attached hereto as Exhibit B and incorporated by reference herein.

31. The Homeowners Policy provides liability coverage in the amount of $300,000.00 per occurrence subject to the policy's terms and conditions.

32. The Homeowners Policy contains the following relevant provisions:

### DEFINITIONS

*We* define the following words and phrases for use throughout this policy. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in bold italics.

\* \* \*

2. ***"bodily injury"*** means physical injury, sickness, or disease to a person. This includes required care, loss of services, and death resulting therefrom.

    ***Bodily injury*** does not include:

    a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any ***insured*** to any other person;

    b. the actual or alleged exposure to any such disease, bacteria, parasite, virus, or other organism by any ***insured*** to any other person; or

    c.    emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

* * *

9.    *"insured"* means:

    a.    *you;*

    b.    *your relatives;* and

    c.    any other person under the age of 21 in the care of a person described above.

* * *

13.    *"occurrence"*, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

    a.    *bodily injury*; or

    b.    *property damage*;

during the policy period. All *bodily injury* and *property damage* resulting from one accident, series of related accidents, or from continuous and repeated exposure to the same general conditions is considered to be one *occurrence*.

* * *

15.    *"relative"* means any person related to *you* by:

    a.    blood;

    b.    adoption;

    c.    marriage; or

    d.    civil union, domestic partnership, or other substantially similar legal relationship that is recognized and valid in the state where, and at the time when, the legal relationship was established; and who resides primarily with *you.*

* * *

### SECTION II – LIABILITY COVERAGES

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, caused by an *occurrence, we* will:

1.    pay up to *our* limit of liability for the damages for which the *insured* is legally liable. *We* will not pay for criminal restitution; and

9

2.     provide a defense at *our* expense by counsel of *our* choice. *We* may make any investigation and settle any claim or suit that *we* decide is appropriate. *Our* obligation to defend any suit ends when the amount *we* pay for damages, to effect settlement or satisfy a judgment resulting from the *occurrence,* equals *our* limit of liability. *We* will not provide a defense to any *insured* for criminal prosecution or proceedings.

**COVERAGE M – MEDICAL PAYMENTS TO OTHERS**

*We* will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing *bodily injury.* Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, rehabilitation, pharmaceuticals, orthopedic devices, prosthetic devices, and funeral services. This coverage applies only:

1.     to a person on the *insured location* with the permission of an *insured;*

2.     to a person off the *insured location,* if the *bodily injury:*

    a.     arises out of a condition on the *insured location* or the ways immediately adjoining;

    b.     is caused by the activities of an *insured;*

    c.     is caused by a *residence employee* in the course of the *residence employee's* employment by an *insured;* or

    d.     is caused by an animal owned by or in the care of an *insured;* or

3.     to a *residence employee* if the *occurrence* causing *bodily injury* occurs off the *insured location* and arises out of or in the course of the *residence employee's* employment by an *insured.*

* * *

**SECTION II – EXCLUSIONS**

1.     Coverage L and Coverage M do not apply to:

    a.     *bodily injury* or *property damage* that:

        (1)     was a result of a:

            (a)     willful and malicious; or

            (b)     criminal;

        act or omission of the *insured;*

        (2)     was intended by the *insured;* or

        (3)     would have been expected by the *insured* based on a reasonable person standard.

    However, exclusions a.(2) and a.(3) above do not apply to *bodily injury* or *property damage* resulting from the use of reasonable force to protect persons or property.

       Exclusions a.(1), a.(2), and a.(3) above apply to all ***bodily injury*** or ***property damage*** even if the:

    (1)    ***bodily injury*** or ***property damage*** was sustained by a different person, entity, or property than was expected or intended;

    (2)    ***bodily injury*** or ***property damage*** was of a different kind, quality, or degree than was expected or intended;

    (3)    ***insured*** lacked the mental capacity to control his or her conduct;

    (4)    ***insured*** was not charged with or convicted of a criminal act or omission; or

    (5)    ***insured*** was impaired by drugs or alcohol;

* * *

## GROUNDS FOR DECLARATORY JUDGMENT

33.    No coverage exists under the Policies for any of the allegations contained in the Underlying Claims against Defendant David Paul Zufall, Jr.

### *No "Occurrence" Alleged*

34.    The Policy provides coverage for bodily injury to which the Policy applies that is "caused by an occurrence." The Policy defines an "occurrence" as an "accident".

35.    Three of the four claims asserted against Defendant Zufall in the Underlying Petition are for "Intentional Infliction of Emotional Distress" or for "Assault". These three claims allege that Defendant Zufall 'acted intentionally" or "intended to cause bodily harm or offensive contact," and thus they do not allege an "accident". (Ex. A, ¶¶ 56, 62, 69).

36.    The other claim asserted against Defendant Zufall in the Underlying Petition, although styled as "Negligence", does not allege an "accident". Instead, it merely alleges that Defendant Zufall "breached his duty to refrain from assaulting" the Stouts. (Exhibit A, ¶ 45-47).

11

37. Furthermore, Defendant Zufall was convicted of Assault in the Second Degree arising out of the same incident alleged in the Underlying Petition. Accordingly, the incident alleged in the Underlying Petition was not an "accident".

38. Because the allegations against Defendant Zufall in the Underlying Petition do not allege an "accident," and therefore do not allege an "occurrence," there is no coverage for said claims under the Policy.

*Intentional Acts Exclusion*

39. The Policy excludes coverage for bodily injury, including emotional distress arising out of bodily injury to another, that was "intended" by the insured or that "should have been expected by the insured based on a reasonable person standard."

40. The allegations in the Underlying Petition allege that Defendant Zufall "acted intentionally" or "intended to cause bodily harm," and thus allege bodily injury that was "intended" by or "would have been expected" by Defendant Zufall. (Ex. A, ¶¶ 56, 62, 69).

41. Furthermore, Defendant Zufall was convicted of Assault in the Second Degree arising out of the same incident alleged in the Underlying Petition. Because Assault in the Second Degree requires proof of intent or recklessness, the injuries alleged in the Underlying Petition were therefore either "intended" by Defendant Zufall or "would have been expected" by Defendant Zufall based on a reasonable person standard.

42. Accordingly, because the injuries alleged in the claims against Defendant Zufall in the Underlying Petition were either "intended" by Defendant Zufall or "would have been expected by" Defendant Zufall based on a reasonable person standard, the allegations against Defendant Zufall in the Underlying Petition also fall under Exclusions 1.a.(2) and (3) of the Policy.

*Criminal Acts Exclusion*

12

43. Additionally, the Policy excludes coverage for bodily injury that was a result of a "criminal act" of the insured.

44. All of the injuries alleged in the claims against Defendant Zufall in the Underlying Petition allegedly resulted from the shooting incident that allegedly occurred on May 5, 2020.

45. Defendant Zufall was convicted of Assault in the Second Degree arising out of the same shooting incident of May 5, 2020 alleged in the Underlying Petition.

46. Thus, the injuries alleged in the claims against Defendant Zufall in the Underlying Petition were a result of a "criminal act" of Defendant Zufall. Accordingly, the allegations against Defendant Zufall also fall under Exclusion 1.a.(1) of the Policy.

WHEREFORE, Plaintiff State Farm Fire and Casualty Company prays that this Court declare the rights of the parties under the aforementioned Policy of insurance and enter judgment finding and declaring:

    a. That the provisions of the Policy provide no coverage whatsoever for the Underlying Claims;

    b. That State Farm has no duty to defend Defendant David Zufall, Jr. in any legal proceedings related to the Underlying Claims;

    c. That State Farm has no duty to indemnify Defendant David Zufall, Jr. for any portion of any expense or liability that he has incurred or may incur in any legal proceeding related to the Underlying or any future settlement, judgment, or civil penalties that may be entered against Defendant David Zufall, Jr., in any other action arising out of the conduct described in the Underlying Claims;

    d. That State Farm has no duty to satisfy any judgment that may be entered in favor of Defendants James Stout, K.B.A.S., or K.B.S. against Defendant David Paul Zufall,

Jr. in the Underlying Action or arising out of the conduct described in the Underlying Claims against Defendant David Paul Zufall, Jr.;

  e.  That State Farm is entitled to its costs, including attorney fees; and

  f.  That State Farm is entitled to any such further relief this Court deems just and proper under the circumstances.

          Respectfully submitted,

          HEPLERBROOM LLC

          By: */s/ Patrick A. Bousquet*
           Patrick A. Bousquet  #57729MO
           Peter A. Houser   #71278MO
           email: patrick.bousquet@heplerbroom.com
           peter.houser@heplerbroom.com
           701 Market Street, Suite 1400
           St. Louis, Missouri 63101
           314-241-6160 phone
           314-241-6116 fax
         ATTORNEYS FOR **PLAINTIFF**

## PROOF OF SERVICE

I hereby certify that on January 9, 2024 this document was electronically filed with the Clerk of the Court using the CM/ECF system.

                 */s/ Patrick A. Bousquet*